**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| International Safety Access Corporation, ) ) ) Plaintiff, ) v. ) ) Integrity Worldwide, Inc. and ) John Melic, ) ) Defendants. ) ) | Civil Action No. 0:09-00315-MBS <br><br><br> **ORDER** |

Plaintiff International Safety Access Corporation ("Plaintiff") filed this action for declaratory judgment against Defendants, Integrity Worldwide, Inc. ("IWI") and John Melic ("Melic") (collectively called "Defendants"), to determine Plaintiff's contractual obligations to IWI under the terms of a distributorship agreement. Defendants filed counterclaims against Plaintiff for breach of contract and breach of fiduciary duty. (ECF No. 46.) A jury trial was held on June 1-3 and June 6-8, 2011, at the conclusion of which the jury returned a verdict for Defendants in the amount of $287,000. (ECF No. 168.) This matter is before the court on Plaintiff's July 6, 2011 post-trial motion for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, or motion for a new trial pursuant to Fed. R. Civ. P. 59(a), or in the alternative, motion for remittitur of the jury's verdict. (ECF No. 177.) Defendants filed opposition to Plaintiff's motion on July 25, 2011. (ECF No. 179.) For the reasons set forth below, the court **DENIES** Plaintiff's motion in its entirety.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff distributes steel fencing and perimeter edge protection for concrete, steel, and

1

timber construction projects. (ECF 88-2, ¶ 5.) Melic invented and developed an edge protection safety system designed to prevent injuries and deaths from falls at high-rise construction job sites. Melic's edge protection system utilized vertical posts to which various types of safety fence are secured. Melic marketed and sold his edge protection system as President of IWI.

In early 2006, Plaintiff and IWI began negotiating an agreement whereby Plaintiff would become the exclusive distributor of the edge protection system in the United States. On or about April 2006, Plaintiff and IWI entered into a written distributorship agreement (the "Agreement"). (ECF No. 37, ¶ 5.) The Agreement specifically provided that (1) IWI was the holder of certain patents as defined in the Agreement; (2) Plaintiff was to operate as the exclusive distributor of IWI's products in the United States; (3) Plaintiff would place all orders for IWI's products with a third party manufacturer, Tata Incorporated; (4) Plaintiff would purchase a specified minimum quantity of IWI's products from Tata Incorporated on an annual basis; (5) the Agreement was valid until December 31, 2012 and renewable for additional five-year terms; and (6) IWI would receive compensation as described in a separate "profit-sharing" agreement with Tata Incorporated. (See ECF No. 85-2, ¶¶ 1, 6, 18, 20.) Plaintiff admittedly never satisfied its minimum purchase obligations. (ECF No. 37, ¶ 10.) Moreover, in the fall of 2008, Plaintiff ceased performing altogether under the Agreement and sought an immediate release from its terms. (ECF No. 46, ¶ 43.)

On January 7, 2009, Plaintiff filed an action for declaratory judgment against Defendants in the Court of Common Pleas for York County, South Carolina in order to determine the contractual rights of the parties under the Agreement. (ECF No. 1-1.) Plaintiff alleged that it had been fraudulently induced into entering the Agreement by Defendants and the Agreement

was unenforceable as a result. (Id.) On February 6, 2009, Defendants removed the state court action to the United States District Court for the District of South Carolina, based on the diverse citizenship of the parties pursuant to 28 U.S.C. § 1332. (ECF No. 1.) Defendants answered the Complaint on February 13, 2009, denying Plaintiff's allegations. (ECF No. 7.) On May 6, 2009, Plaintiff amended the Complaint to add allegations that the Agreement was not executed in compliance with the Statute of Frauds.[1] (ECF No. 37, ¶¶ 12-16.) On June 9, 2009, Defendants answered the Amended Complaint denying Plaintiff's allegations and asserted counterclaims against Plaintiff for breach of contract and breach of fiduciary duty. (ECF No. 46.)

Upon the completion of discovery and the expiration of the dispositive motion deadline, the Honorable Matthew J. Perry, Jr. presided over the parties' jury trial on June 1-3 and June 6-8, 2011. (See ECF Nos. 151, 152, 155, 159, 162 & 163.) At the close of Defendants' case, Judge Perry denied a Rule 50(a) motion in which Plaintiff asserted that Defendants had failed to present sufficient evidence of damages to establish all elements of a breach of contract claim. On June 8, 2011, the jury returned a verdict for Defendants on the claims in the Complaint and on their counterclaim for breach of contract in the amount of $287,000. (ECF No. 168.) On July 6, 2011, Plaintiff filed the present motion contending that the jury's verdict is improper and is not supported by competent evidence and that the court should enter judgment as a matter of law for Plaintiff or, set aside the verdict and order a new trial or, in the alternative, amend the verdict by way of remittitur. (See ECF No. 177.) Defendants filed opposition to Plaintiff's motion on July 25, 2011. (ECF No. 179.) In addition, on June 24, 2011, Defendants filed a bill of costs,

---

[1] This claim was dropped after Defendants located and provided to Plaintiff a copy of the Agreement signed by Plaintiff's agents. (See ECF No. 85-2.)

3

ECF No. 176, to which on October 17, 2011, Plaintiff filed a motion for extension of time to object to Defendants' bill of costs until such time after the court has ruled on Plaintiff's pending motions. (ECF No. 184.)

On August 29, 2011, the case was reassigned to the Honorable Margaret B. Seymour, following the death of Judge Perry. (ECF No. 181.)

## II.    LEGAL STANDARD AND ANALYSIS

### A.    Standards for Motions Pursuant to Fed. R. Civ. P. 50 and 59

Rule 50(b) provides that "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a) [before the case is submitted to the jury], the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). A trial court should award judgment as a matter of law to a movant pursuant to Fed. R. Civ. P. 50(b) "if a reasonable jury could only reach one conclusion based on the evidence or if the verdict in favor of the non-moving party would necessarily be based upon speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005); see also Persinger v. Norfolk & W. Ry. Co., 920 F.2d 1185, 1189 (4th Cir. 1990) (The court should grant judgment as a matter of law only if "the evidence is so clear that reasonable men could reach no other conclusion than the one suggested by the moving party."). A movant is entitled to judgment as a matter of law "if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." Price v. City of Charlotte, 93 F.3d 1241, 1249 (4th Cir. 1996); Wheatley v. Wicomico Cnty., Md., 390 F.3d 328, 332 (4th Cir. 2004) (motion for judgment as a matter of law following a jury's verdict granted "if the nonmoving party failed to make a showing on an

4

essential element of his case with respect to which he had the burden of proof"). Judgment as a matter of law is appropriate when the evidence can support only one reasonable conclusion. See Chaudhry v. Gallerizzo, 174 F.3d 394, 405 (4th Cir. 1999). "[T]he evidence and all reasonable inferences from it are assessed in the light most favorable to the non-moving party, and the credibility of all evidence favoring the non-moving party is assumed." Crinkley v. Holiday Inns, Inc., 844 F.2d 156, 160 (4th Cir.1988); see also Konkel v. Bob Evans Farms, Inc., 165 F.3d 275, 279 (4th Cir. 1999) (A Rule 50 motion should be granted "if a district court determines, without weighing the evidence or considering the credibility of the witnesses, that substantial evidence does not support the jury's findings."). If there is any evidence on which a reasonable jury could return a verdict in favor of the nonmoving party, judgment as a matter of law should not be granted. Price, 93 F.3d at 1249. "If reasonable minds could differ, [the court] must affirm the jury's verdict." Pitrolo v. Cnty. of Buncombe, 407 F. App'x 657, 659 (4th Cir. 2011) (citing Dennis v. Columbia Colleton Med. Ctr., 290 F.3d 639, 645 (4th Cir. 2002)).

Alternatively, a motion for a new trial under Fed. R. Civ. P. 59(a) may be granted "on all or some of the issues . . . to any party . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). This rule allows a trial court to set aside the verdict and order a new trial only if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice even though there may be substantial evidence which would prevent the direction of a verdict." Atlas Food Sys. & Servs. Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996). This "federal" standard applies to a motion for new trial as to a verdict on a state law claim if the motion does not rest on the alleged excessiveness of the jury's verdict. See

Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 426-31 (1996); Konkel v. Bob Evans Farms, Inc., 165 F.3d 275, 280-81 (4th Cir. 1999). However, the court "must apply state law standards when it considers a Rule 59(a) motion for a new trial [in a diversity action in federal district court] based upon the alleged excessiveness of the jury's compensatory damage award." Konkel, 165 F.3d at 280. Under South Carolina law, a "new trial absolute should be granted only if the verdict is so grossly excessive that it shocks the conscience of the court and clearly indicates the amount of the verdict was the result of caprice, passion, prejudice, partiality, corruption, or other improper motive." Knoke v. South Carolina Dep't of Parks, Recreation and Tourism, 478 S.E.2d 256, 258 (S.C. 1996). In evaluating a motion for a new trial, the district court has the discretion to "weigh the evidence and consider the credibility of witnesses." Knussman v. Maryland, 272 F.3d 625, 647 (4th Cir. 2001); Swentek v. USAIR, Inc., 830 F.2d 552, 559 (4th Cir. 1987).

As an alternative to ordering a new trial, a court may order remittitur, which is a method used in connection with Fed. R. Civ. P. 59 by which a trial judge can review a jury award for excessiveness. Atlas Food, 99 F.3d at 593. Remittitur is "a process, dating back to 1822, by which the trial court orders a new trial unless the [prevailing party] accepts a reduction in an excessive jury award." Id. If a court concludes that a verdict is excessive, "it is the court's duty to require a remittitur or order a new trial." Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 305 (4th Cir. 1998). A district court sitting in diversity must apply state law standards to determine whether a verdict is excessive. Steinke v. Beach Bungee, Inc., 105 F.3d 192, 197 (4th Cir.1997). Under South Carolina law, a motion for new trial nisi remittitur is founded upon a contention that the verdict is not inherently unlawful, but rather, under the facts of the case, is unduly

6

liberal. Elliott v. Black River Elec. Co-op., 104 S.E.2d 357, 372 (S.C. 1958); Krepps v. Ausen, 479 S.E.2d 290, 295-96 (S.C. Ct. App. 1996). In evaluating a motion for remittitur, the evidence and reasonable inferences to be drawn therefrom are considered in the light most favorable to the non-moving party. Krepps, 479 S.E.2d at 296.

**B.    Plaintiff's Motion for Judgment as a Matter of Law**

Plaintiff asserts that the court should set aside the jury's verdict of $287,000 for Defendants and enter judgment for Plaintiff as a matter of law because Defendants failed to present sufficient evidence at trial to establish damages with any reasonable certainty or accuracy. Plaintiff further asserts that the jury's verdict ignored "the substantive weight of evidence presented at trial, is based upon contentions which were not admitted as evidence at trial, and would result in a miscarriage of justice if allowed to stand." (ECF No. 177, pp. 3-4.)

In support of its contentions, Plaintiff states that there was not trial testimony by any witness that would allow a reasonable jury to award actual damages to Defendants. (Id. at p. 5.) Plaintiff observes that Michele Melic, wife of Defendant John Melic and secretary/treasurer of IWI, was the only witness in the Defendants' case in chief who even attempted to testify regarding the alleged damages sustained by Defendants. (Id. at p. 4.) Plaintiff asserts that Judge Perry, however, sustained objections to all of Michele Melic's testimony regarding lost revenue and lost profits on the grounds of speculation, lack of foundation, and because Defendants did not disclose these amounts of alleged damages in discovery. (Id. (citing ECF No. 177-3, pp. 16-20.))

Plaintiff asserts that the speculative nature of the verdict is further proven by information received from two jurors, who allegedly opined to Plaintiff's counsel after the trial that the

verdict amount for Defendants consisted of $75,000 for lost profits. (See ECF Nos. 177-1 & 177-2.) Plaintiff argues that competent evidence does not support an award of $75,000 in lost profits, which makes such award purely speculative. (ECF No. 177, p. 5.) Therefore, Plaintiff concludes that there is no competent evidence in the record to support the jury's award of damages and, as a result, it is entitled to judgment as a matter of law. (Id.)

In response to Plaintiff's arguments, Defendants assert that there was sufficient evidence presented at trial to allow the jury to arrive at the amount of damages awarded in the verdict. Defendants argue that competent evidence to support the jury's award of damages could be found in the following: (1) the Agreement (Joint Trial Ex. 1), which identified the amount of product Plaintiff was required to purchase during the time the Agreement was in effect ($45 million); (2) the contract between IWI and Tata Incorporated (Joint Trial Ex. 2), which provided that the companies would share equally the profits resulting from sales of the edge protection system to Plaintiff; and (3) Michele Melic's testimony that IWI's profit margin on sales to Plaintiff was 20%, see ECF No. 177-3, p. 20:12-18, and that, between April 18, 2006 and August 2008, Plaintiff purchased $6.8 million in product and IWI received $1.31 million in profit. (ECF No. 179, pp. 14-17.) Based on this evidence, Defendants argue that competent evidence existed to support the verdict returned by the jury on Defendants' counterclaim for breach of contract.

To recover damages for a breach of contract action in South Carolina, the claiming party has to establish three elements: (1) a binding contract entered into by the parties; (2) a breach or unjustifiable failure to perform the contract; and (3) damage suffered by the claiming party as a direct and proximate result of the breach. Fuller v. E. Fire & Cas. Ins. Co., 124 S.E.2d 602, 610 (S.C. 1962). The purpose of an award of damages in a breach of contract action is to place the

non-breaching party in as good a position as it would have been in if the contract had been performed. Minter v. GOCT, Inc., 473 S.E.2d 67, 70 (S.C. Ct. App. 1996) ("The proper measure of compensation [for breach of contract] is the loss actually suffered by the plaintiff as a result of the breach."). "While proof, with mathematical certainty, of the amount of loss or damage is not required, in order for damages to be recoverable the evidence should be such as to enable the court or jury to determine the amount thereof with reasonable certainty or accuracy." Baughman v. Am. Tel. & Tel. Co., 410 S.E.2d 537, 546 (S.C. 1991) (citing Piggy Park Enter., Inc. v. Schofield, 162 S.E.2d 705 (S.C. 1968)). "Neither the existence, causation nor amount of damages can be left to conjecture, guess or speculation." Id.

The jury found in favor of Defendants on their counterclaim for breach of contract and awarded damages in an amount that the jurors found was supported by that evidence. Generally, a jury's verdict should be accorded the "utmost respect." Price v. City of Charlotte, 93 F.3d 1241, 1250 (4th Cir.1996). To grant the relief sought by Plaintiff in its motion for judgment as a matter of law, the court would have to find upon reviewing the evidence and all reasonable inferences in Defendants' favor that the amount of damages awarded was not supported by the evidence. Myrick, 395 F.3d at 489; Crinkley, 844 F.2d at 160. Upon consideration of the evidence in the context of the appropriate standard of review, the court is unable to conclude that the jury's verdict in favor of Defendants was "based upon speculation and conjecture" resulting in the failure by Defendants to establish the damages element of their breach of contract claim. Therefore, the court must deny Plaintiff's motion for judgment as a matter of law.

**C.     Plaintiff's Motion for a New Trial**

Plaintiff contends that it is entitled to a new trial because the jury's verdict improperly

compensated Defendants for attorney's fees. The South Carolina state law standard for granting a new trial is applicable to Plaintiff's motion for a new trial because implicit in Plaintiff's claim that any award of attorney's fees was improper is that the damages were excessive. See Konkel, 165 F.3d at 280. Under the "state law standard," the court would grant Plaintiff's motion for a new trial if Plaintiff established that "the verdict is so grossly excessive that it shocks the conscience of the court and clearly indicates the amount of the verdict was the result of caprice, passion, prejudice, partiality, corruption, or other improper motive." Knoke v. South Carolina Dep't of Parks, Recreation and Tourism, 478 S.E.2d 256, 258 (S.C. 1996).

In support of its motion for a new trial, Plaintiff submitted affidavits from its trial counsel containing post-trial, out-of-court statements from two jurors. The jurors allegedly told Plaintiff's trial counsel that $212,000 of the jury's verdict was meant to compensate Defendants for attorney's fees. (See ECF Nos. 177, p. 6; 177-2, ¶¶ 2-3; and 177-1, ¶¶ 6-8.) Based on these juror statements, Plaintiff argues that the award of attorney's fees was "wholly improvident and guided by improper motive" because attorney's fees were not authorized by the contract at issue in the litigation or by statute as a matter of law. (ECF No. 177, p. 6.)

In response to Plaintiff's contentions, Defendants assert that Plaintiff's motion for new trial relies on inadmissible information received from jurors in violation of Rule 606(b) of the Federal Rules of Evidence. Defendants argue that Plaintiff's use of information from jurors in its motion violates Rule 606(b) because there is no evidence that the jury's deliberations were affected by extraneous prejudicial information, outside influence, or mistake in entering the verdict. (ECF No. 179, pp. 8-12 (citing Tanner v. United States, 483 U.S. 107, 121 (1987); McDonald v. Pless, 238 U.S. 264, 267-68 (1915); Wilsmann v. Upjohn Co., 572 F. Supp. 242,

245 (W.D. Mich. 1983)).

The admissibility of post-trial juror information, such as that sought to be used by Plaintiff, is governed by Fed. R. Evid. 606(b), which provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith.  But a juror may testify about (1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form.  A juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying.

Fed. R. Evid. 606(b).  Under Fed. R. Evid. 606(b), there are only three limited circumstances where a court may make inquiries into whether to impeach a verdict based on juror testimony: "(1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form." Id.

Upon consideration of the merits of Plaintiff's motion for a new trial, the court finds that it is barred from considering Plaintiff's alleged evidence of impropriety contained in the affidavits of Plaintiff's counsel because the out-of-court statements by the two jurors are hearsay.  The court further finds that these out-of-court statements are inadmissible because the statements do not demonstrate that the jury's deliberations were affected by extraneous prejudicial information, outside influence, or mistake in entering the verdict.  See Fed. R. Evid. 606(b).  Because Plaintiff's motion for a new trial relies entirely on inadmissible juror statements, Plaintiff cannot show that "the amount of the verdict was the result of caprice,

11

passion, prejudice, partiality, corruption, or other improper motive." Plaintiff further cannot show that the jury's verdict for Defendants on their counterclaim for breach of contract is so excessive that it shocks the court's conscience. Therefore, the court must deny Plaintiff's motion for a new trial.[2]

**D.     Plaintiff's Motion for New Trial Nisi Remittitur**

In the alternative to a new trial, Plaintiff moves the court for a new trial nisi remittitur, "by which the trial court orders a new trial unless the [prevailing party] accepts a reduction in an excessive jury award." Atlas Food, 99 F.3d at 593. Plaintiff contends that the jury's verdict of $287,000 for Defendants on their counterclaim for breach of contract should be remitted by $212,000, the amount that Plaintiff alleges was improperly awarded to Defendants for attorney's fees. (See ECF Nos. 177-1 & 177-2.) As with the motion for new trial, Plaintiff argues that the award of attorney's fees was improper under the law. (ECF No. 177, p. 6.)

A trial judge should grant a new trial nisi remittitur when the amount of the verdict is found to be excessive.[3] Cline, 144 F.3d at 305. Because the counterclaim at issue is a state law claim for breach of contract, the court would have to find that the jury's verdict was "unduly liberal" in order to grant Plaintiff's request for remittitur. See Elliott v. Black River Elec. Co-op., 104 S.E.2d 357, 372 (S.C. 1958); Krepps v. Ausen, 479 S.E.2d 290, 295-96 (S.C. Ct. App. 1996).[4]

---

[2] Even if the federal standard applied, the court finds that Plaintiff would not be entitled to a new trial.

[3] Although Plaintiff never uses the term "excessive" to describe the verdict in this matter, implicit in Plaintiff's argument that damages awarded to Defendants were improper is that the damages were excessive.

[4] Damages are deemed excessive under federal law when they are "against the clear weight of the evidence, or based upon evidence which is false, or will result in a miscarriage of justice." Cline, 144 F.3d at 305.

12

The court has already found that the juror statements offered by Plaintiff are inadmissible. In addition, when the evidence and all reasonable inferences are viewed in the light most favorable to Defendants, Krepps, 479 S.E.2d at 296, the court finds that the jury's verdict for Defendants is substantially less than the maximum amount the jury could have arrived at as a result of Plaintiff's breach of the Agreement. Based on the foregoing, the court finds that the jury's verdict for Defendants is not unduly liberal or excessive. Therefore, the court declines to subject the jury's verdict to remittitur and denies Plaintiff's motion for new trial nisi remittitur.

### III.  CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** the motion of Plaintiff International Safety Access Corporation for judgment as a matter of law, for new trial, or in the alternative, for a new trial nisi remittitur. (ECF No. 177.) The court **GRANTS** Plaintiff's motion for an extension of time to submit objections to Defendants' bill of costs. (ECF Nos. 176 & 184.) Plaintiff shall submit any and all objections to Defendants' bill of costs within fourteen days from date of entry of this order.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
MARGARET B. SEYMOUR
UNITED STATES DISTRICT JUDGE

December 28, 2011
Columbia, South Carolina