UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| INTERNATIONAL SAFETY ACCESS CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> INTEGRITY WORLDWIDE, INC. and JOHN MELIC, <br><br> Defendants. | Civil Action No.: 0:09-CV-0315-MJP <br><br> **PLAINTIFF'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES IN AID OF EXECUTION** |

TO: RANDELL C. STONEY, JR., ESQUIRE, B. CRAIG KILLOUGH, ESQUIRE, and JOHN WILLIAM FLETCHER, ESQUIRE, COUNSEL TO DEFENDANTS INTEGRITY WORLDWIDE, INC. AND JOHN MELIC:

Pursuant to Rule 33 of the South Carolina Rules of Civil Procedure, Plaintiff, International Safety Access Corporation ("ISAC"), answering Defendants Integrity Worldwide, Inc. ("IWW") and John Melic "Melic" (collectively "Defendants") First Set of Interrogatories in Aid of Execution, responds as follows:

1. Please identify every person involved or assisting in the preparation of ISAC's answers and responses to these Interrogatories.

**ANSWER:**

Kim Sudol, bookkeeper for ISAC; Ulf Boshamer, shareholder, and Joel Collins, attorney for ISAC.

2. Please identify and itemize any and all assets of ISAC that could be used to satisfy the Judgment.

**ANSWER:**

The only assets currently owned by ISAC are Perimeter Protection Products made by IWW which are subject to a lien which far exceeds the value of this equipment and any other assets of the corporation. Attached to Plaintiff's Responses to Defendants' Request to Produce is a balance sheet for International Safety Access Corporation dated December 31, 2011 which was prepared by Kim Sudol, a part-time employee of ISAC (**Exhibit 1**). This balance sheet formed the basis of ISAC's 2011 IRS Form 1120S Income Tax Return, a copy of which is also submitted in response to Plaintiff's Request to Produce (**Exhibit 2**)

3. Please identify and itemize – including quantities, descriptions and an estimate of present value – any and all assets owned by ISAC, including real property, personal property, equipment, inventory, intangible property or other assets of ISAC.

**ANSWER:**

ISAC owns no real property. The personal property, equipment and inventory owned by ISAC are itemized on the balance sheet dated December 31, 2011 (**Exhibit 1**). ISAC owns no intangible property. There was a time in the past when ISAC thought it had exclusive rights to sell patented items in the United States. However, ISAC now makes no such claim. To the extent representatives of Plaintiff wish to inspect and inventory the edge protection equipment owned by ISAC, arrangements will be made for such inspection and inventory at a mutually convenient time. The equipment is currently located at 218 North Ransom Street, Gastonia, North Carolina.

4. Please identify and itemize – including qualities, descriptions and an estimate of present value – any and all assets owned by Eric Plant, Ulf Boshamer and/or Roger Schwartz, including real property, personal property, equipment, inventory, intangible property or other assets.

**ANSWER:**

Plaintiff ISAC objects to this Interrogatory. Such information would be discoverable by Defendant only if there is a judicial determination Defendant is legally entitled to pierce the corporate veil of International Safety Access Corporation.

5. Please identify – including account number, name of financial institution, balance and nature of account – any and all accounts owned (in whole or in part) by ISAC or bearing ISAC's name at any bank, securities firm, brokerage house or other financial institution.

**ANSWER:**

The only bank account maintained by ISAC is Account Number 0005220431330 at BB&T in Lake Wylie, South Carolina 29710. A copy of that bank account's statement of January 31, 2012 is submitted in response to Defendants' Request to Produce (**Exhibit 3**). ISAC has no securities firm, brokerage house, or other account at any other financial institution.

6. Please identify – including account number, name of financial institution, balance and nature of account – any and all accounts owned (in whole or in part) by or in the name of Eric Plant, Ulf Boshamer or Roger Schwartz at any bank, securities firm, brokerage house or other financial institution.

**ANSWER:**

See answer to Interrogatory Number 4 above.

7. Please identify and itemize any disposition, sale, transfer or change in the ownership of any real property, personal property, intangible property or other assets of ISAC since the date of the Judgment.

**ANSWER:**

Submitted in response to Defendants' Request to Produce are documents which fully respond to this Interrogatory. Those documents include a Transaction Detail By Account dated March 5, 2012 which describes with particularity the disposition of certain corporate assets (**Exhibit 4**). There have been no other asset transfers since the date of the Judgment by ISAC. Also submitted in response to Defendants' Request to Produce are sales invoices reflecting

transactions since the date of the Judgment. Those invoices are collectively marked **Exhibit 5**. These invoices reflect disposition or change of ownership of equipment owned by ISAC. Other invoices with numbers in between the invoice numbers which are being presented relate only rental income received by ISAC and which did not result in disposition, sale, transfer or change in ownership.

8.  Please identify and itemize any disposition, sale, transfer or change in the ownership of any real property, personal property, intangible property or other assets of Eric Plant, Ulf Boshamer or Roger Schwartz since the date of the Judgment.

**ANSWER:**

See answer to Interrogatory Number 4.

9.  Please identify and itemize any disposition, sale, transfer or change in the ownership of any real property, personal property, intangible property or other assets of ISAC outside of the ordinary course of business of ISAC since the date of the commencement of this lawsuit.

**ANSWER:**

A full response to this Interrogatory may be gathered by a review of **Exhibit 6**, the Transaction Detail by Account dated March 5, 2012 previously identified in response to Interrogatory Number 7.

10.  Please identify and itemize – including date, amount and description – any distributions, dividends, salaries, draws or other payments of money made from ISAC to any of its shareholders, officers or directors – including Eric Plant, Ulf Boshamer and Roger Schwartz – from the date of commencement of this lawsuit until the present date.

**ANSWER:**

See answer to Interrogatory Number 4. Further responding to Interrogatory Number 10, Plaintiff is submitting in response to Defendants' Request to Produce the Form W-2 issued to Eric J. Plant for the year 2010 (**Exhibit 7**), as well as the Form 1099 C issued to Eric J. Plant for the year 2011 (**Exhibit 8**). Neither Roger Schwartz or Ulf Boshamer received any compensation

from ISAC in the years 2010 or 2011. Ulf Boshamer has never received any income from ISAC from the time of his initial investment to the present. That includes distributions, dividends, salaries and draws. Roger Schwartz received income of $18,600.00 from ISAC for the year 2010. Submitted in response to Defendants' Request to Produce is a copy of the W-2 issued to Roger Schwartz by ISAC for 2010. That document is marked as **Exhibit 9**. Also in the year 2011, Roger Schwartz received interest income from ISAC of $1,357.04. Attached in response to Defendants' Request to Produce is a copy of a Form 1099-INT for the year 2011. It is marked as **Exhibit 10**. Also submitted in response to Defendants' Request to Produce is a copy of the W-2 Wage and Tax Statement issued to Eric J. Plant and Roger Schwartz for the year 2009. That document is **Exhibit 11**.

Also in further response to Interrogatory Number 10 is a Transaction by Account dated March 5, 2012 reflecting the capitalization of ISAC by a stock subscription totaling $250,000.00 (**Exhibit 6**). This document reflects a stock resumption payment to Eric Plant of $25,000.00 because Eric Plant never paid for the stock allocated to him. This stock was surrendered back to the company when Plant left his employment with ISAC on December 24, 2010.

In further answer to Interrogatory Number 10, Plaintiff submits a document entitled Schedule of Interest on Personal Loan from Roger Schwartz. This document is produced in response to Defendants' Request to Produce as **Exhibit 12**. This document reflects interest payments on that loan and certain adjustments made to the loan, including a final adjustment made June 30, 2011 whereby, in partial repayment of this loan, Roger Schwartz received title to a Ford Excursion automobile at $11,000.00.

Further responding to Interrogatory Number 10, ISAC received a loan from Ulf Boshamer in the year 2009 which loan was repaid to Ulf Boshamer later the same year.

Documents reflecting that payment of money by ISAC to Ulf Boshamer are submitted as **Exhibit 13** in response to Defendants' Request to Produce.

In further response to Interrogatory Number 10, Plaintiff submits herewith and in response to Defendants' Request to Produce, a document entitled Schedule of Interest on Personal Loan which reflects a $40,000.00 personal loan by Ulf Boshamer on August 18, 2010 and which was repaid on December 17, 2010 by ISAC's check number 3456 (**Exhibit 13**).

11. Please identify and itemize any real property, personal property, intangible property or other assets of ISAC that ISAC claims are exempt from execution to satisfy the Judgment, including the legal basis for any such claimed exemption.

**ANSWER:**

Beginning November 7, 2006, ISAC borrowed money from Klear Knit, Inc. Each loan was memorialized by the execution of a Demand Promissory Note. With the exception of a payment on August 17, 2006 in the amount of $76,938.24, these notes remain outstanding and unpaid. These notes have accrued interest at the rate of 7.5% per annum. Klear Knit, Inc. is a secured creditor of ISAC and is owed considerably more than the current value of all ISAC assets. ISAC therefore claims all of its assets are exempt from execution to satisfy the Judgment because they are encumbered by the debt owed by ISAC to Klear Knit, Inc. Attached as **Exhibit 14** are copies of the Demand Promissory Notes from ISAC to Klear Knit, Inc.

12. Please identify and itemize any real property, personal property, intangible property or other assets of Eric Plant, Ulf Boshamer and/or Rogert Schwartz that any of those individuals claims are exempt from execution to satisfy the Judgment, including the legal basis for any such claimed exemption.

**ANSWER:**

See answer to Interrogatory Number 4.

13.    Please identify (including percentage of ownership, date and manner of acquisition, and amount of investment) any and all owners, shareholders, members, investors or contributors of ISAC.

**ANSWER:**

A full response to Interrogatory Number 13 may be found by reviewing the document submitted in response to Defendants' Request to Produce entitled Transactions by Account dated March 5, 2012 (**Exhibit 6**). This document reflects total stock subscriptions valued at $250,000.00 with the corresponding values of each shareholder. The only current shareholders of ISAC are Ulf Boshamer and Roger Schwartz.

14.    Please describe in full and complete detail (including title, responsibilities, manner of compensation and dates of affiliation) the roles of Eric Plant, Ulf Boshamer and Roger Schwartz with ISAC.

**ANSWER:**

As reflected by the minutes of a meeting of the shareholders on July 12, 2006, ISAC's officers at that time were Eric Plant, President; Roger Schwartz, Treasurer, and Ulf Boshamer, Secretary. At the same meeting, Schwartz, Boshamer and Plant were elected as Directors of the Corporation. No formal responsibilities were ever described by Corporate Resolution. In practice, the administration of the company was the responsibility of Roger Schwartz, who maintained the corporate headquarters office. Eric Plant was in charge of marketing, customer relations and sales. Ulf Boshamer was a silent investor who had no day-to-day operational duties. With regard to the manner of compensation, documents which are being produced to Defendant in response to its Request to Produce set forth the manner of compensation received by Plant and Schwartz. Ulf Boshamer never received any compensation from ISAC.

In further response to these interrogatories and response to Defendants' Request to Produce, ISAC hereby submits as **Exhibit 15**, a bound copy of its Articles of Incorporation, Amendments to Articles of Incorporation, Sub Chapter S Election, the Corporation By Laws, the minutes of meetings, Subscription Agreements, a Shareholder Management Agreement, a Stock Option Agreement, and stock certificates issued to Roger Schwartz and Ulf Boshamer.

Respectfully submitted,

By: /s/ Joel Collins by Brian J. Comer with authority
JOEL W. COLLINS, JR
COLLINS & LACY, P.C.
jcollins@collinsandlacy.com
1330 Lady Street, Sixth Floor (29201)
Post Office Box 12487
Columbia, South Carolina 29211
(803) 256-2660 (voice)
(803) 771-4484 (facsimile)

ROBERT F. GOINGS
GOINGS LAW FIRM, LLC
rgoings@goingslawfirm.com
914 Richland Street, Suite A-101 (29201)
Post Office Box 436
Columbia, South Carolina 29202
(803) 350-9230 (voice)
(877) 789-6340 (facsimile)
ATTORNEYS FOR PLAINITFF

Columbia, South Carolina
March ___13___, 2012

8

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF YORK | ) | SIXTEENTH JUDICIAL CIRCUIT |
| International Safety Access Corporation, | ) | CIVIL ACTION NO.: 2009-CP-46-4711 |
| Plaintiff, | ) | |
| vs. | ) | **CERTIFICATE OF SERVICE** |
| Integrity Worldwide, Inc. and John Melic | ) | |
| Defendants. | ) | |

The undersigned employee of Collins & Lacy, P.C., Attorneys at Law, 1330 Lady Street, Post Office Box 12487, Columbia, South Carolina, 29211, does hereby certify that the following named individual(s) were served with a copy of the pleading(s) indicated below by mailing a copy of same to said person(s) in the United States Postal Service, with sufficient postage affixed thereto and return address clearly marked on the date indicated below:

**COUNSEL SERVED:**
Randell C. Stoney, Jr., Esquire
B.C. Killough, Esquire
John William Fletcher, Esquire
Barnwell Whaley Patterson & Helms
Post Office Drawer H
Charleston, SC  29402-0197
*Attorneys for Defendants*

**PLEADINGS:**

> **PLAINTIFF'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES IN AID OF EXECUTION**

*Patricia Cavanaugh*
Columbia, South Carolina

March ___13___, 2012