21 180 9101

SOSID: 0596125
Date Filed: 6/29/2001 2:37 PM
Effective: 7/1/2001
Elaine F. Marshall
North Carolina Secretary of State

## ARTICLES OF MERGER
## OF
## CAB ENTERPRISES OF NORTH CAROLINA, INC.
## WITH AND INTO
## KLEAR-KNIT, INC.

Pursuant to §55-11-05 of the North Carolina General Statutes and Section 33-11-05 of the Code of Laws for South Carolina, the undersigned corporations hereby execute these Articles of Merger for the purpose of merging into one of such corporations:

1. The following Plan of Merger was duly approved by the shareholders of each of the undersigned corporations in the manner prescribed by law:

### PLAN OF MERGER

A. <u>Corporations Participating in Merger</u>. The name of the corporation proposing to merge is CAB Enterprises of North Carolina, Inc., a North Carolina corporation, whose Article of Incorporation was filed by the North Carolina Secretary of State on December 12, 1986 (the "Merging Company"). The name of the corporation into which the Merging Company proposes to merge is Klear-Knit, Inc., a South Carolina corporation, incorporated on May 5, 1952, (the "Surviving Company") which filed an Application for a Certificate of Authority with the North Carolina Secretary of State on June 29, 2001, which shall be the surviving corporation (the Merging Company and the Surviving Company are referred to herein together as the "Constituent Companies").

B. <u>Name of Surviving Company</u>. The name of the Surviving Company shall be Klear-Knit, Inc.

C. <u>Merger of Merging Company into Surviving Company</u>. Pursuant to the terms and conditions of this Plan, the Merging Company shall be merged into the

Surviving Company. Upon the merger of the Merging Company into the Surviving Company, the corporate existence of the Merging Company shall cease and the corporate existence of the Surviving Company shall continue. The foregoing merger shall become effective at 12:01 a.m. on July 1, 2001 (the "Effective Date").

D. <u>Governing Law, Bylaws, and Directors and Officers</u>. The laws of the State of North Carolina shall govern the Surviving Company, and it shall operate in accordance with its existing Articles of Incorporation and Bylaws. The directors of the Surviving Company at the Effective Date shall continue as directors of the Surviving Company until their respective successors are duly elected and qualified. Likewise, the officers of the Surviving Company at the Effective Date shall be the officers of the Surviving Company until their successors are elected.

E. <u>Conversion and Exchange of Shares</u>. At the Effective Date, the outstanding shares of the companies participating in the merger will be converted and exchanged as follows:

(i) <u>Surviving Company</u>. The outstanding shares of the Surviving Company will not be converted, exchanged, or altered in any manner as a result of the merger and will remain outstanding as shares of the Surviving Company.

(ii) <u>Merging Corporation</u>. The shareholders of the Merging Company shall receive shares of the Surviving Company's common stock (the "Merger Consideration").

(iii) <u>Fractional Shares</u>. No fractional shares will be issued.

(iv) <u>Surrender of Shares Certificates</u>. The shareholder of the Merging Company will surrender shares to be converted at the Effective Date in exchange

CHARLOTTE/019925-002/134933 v.1 06/27/01

for the Merger Consideration and such shares will thereafter be cancelled, retired, and cease to exist as of the Effective Date. Accordingly, all rights of the shareholder of the Merging Company in such shares will terminate in exchange for, and upon receipt of, the appropriate number of validly issued and outstanding, fully paid and non-assessable shares of common stock of Surviving Company, to be issued and delivered to, or for the account of, the shareholder of the Merging Company by the Surviving Company on the Effective Date.

All shares of stock of the Merging Company issued and held in the treasury of the Merging Company (if any) shall, by virtue of the merger and without any further action on the part of any party, cease to be outstanding and shall be cancelled and retired without payment of any consideration therefor.

F.  <u>Transfer of Assets; Assumption of Liability</u>. At the Effective Date of merger, the Merging Company shall be merged into the Surviving Company by the transfer to Surviving Company of all the assets of the Merging Company, subject to all of its liabilities and obligations, which liabilities and obligations the Surviving Company shall assume.

2.  After the adoption of the foregoing Plan of Merger by the respective boards of directors of the Constituent Companies, the Plan was submitted to the vote of the shareholders of the Constituent Companies.

3.  As to the Merging Company, the number of shares outstanding is as follows:

| | | |
|---|---|---|
| Ulf Boshamer | Voting | 28,750 shares |
| Ulf Boshamer | Non-Voting | 2,500 shares |
| Christiane B. Boshamer | Non-Voting | 15,625 shares |

3

    Andrea B. Powell        Non-Voting        15,625 shares

all of which are common. All of the shares entitled to vote, voted for such Plan by unanimous written consent of the shareholders in lieu of a meeting.

4.    As to the Surviving Company, the number of shares outstanding is as follows:

    Ulf Boshamer        Voting        1,165 shares

    Ulf Boshamer        Non-Voting        156,000 shares

    Margaret. Boshamer        Non-Voting        79,081 shares

All of which are common. All of the shares entitled to vote, voted for such Plan, by unanimous written consent of the shareholders in lieu of a meeting.

5.    The merger described herein is permitted by and is in compliance with the laws of the State of South Carolina and State of North Carolina.

6.    The address to which the North Carolina Secretary of State shall mail a copy of any process against the Surviving Company is:

> Ulf Boshamer
> 1912 Carmel Road
> Charlotte, North Carolina 28226

IN WITNESS WHEREOF, these Articles of Merger are signed by the president and secretary of each of the Constituent Companies this 28th day of June, 2001.

CAB ENTERPRISES OF NORTH CAROLINA, INC.

by: Ulf Boshamer
its: President

by: Margaret Boshamer
its: Secretary

4

KLEAR-KNIT, INC.

_____
by: Ulf Boshamer
its: President

_____
by: Margaret Boshamer
its: Secretary

CHARLOTTE/019925-002/134933 v.1 06/27/01

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

On this the 28th day of June, 2001. before me, *TERESA S. HERRON*, the undersigned officer, personally appeared Ulf Boshamer, who acknowledged himself to be the President of CAB Enterprises of North Carolina, Inc., a North Carolina corporation, and that he as such President, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself as President.

In witness whereof I hereunto set my hand.

*Teresa S. Herron*
Notary Public

My Commission Expires:

5-2-04

(SEAL)


STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

On this the 28th day of June, 2001, before me, *TERESA S. HERRON*, the undersigned officer, personally appeared *Margaret Boshamer*, who acknowledged himself/herself to be the Secretary of CAB Enterprises of North Carolina, Inc, a North Carolina corporation, and that he/she as such Secretary, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself/herself as Secretary.

In witness whereof I hereunto set my hand.

*Teresa S. Herron*
Notary Public

My Commission Expires:

5-2-04

(SEAL)

6

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

On this the 28th day of June, 2001, before me, _TERESA S. HERRON_, the undersigned officer, personally appeared Ulf Boshamer, who acknowledged himself to be the President of Klear-Knit, Inc., a North Carolina corporation, and that he as such President, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself as President.

In witness whereof I hereunto set my hand.

_Teresa S. Herron_
Notary Public

My Commission Expires:

_5-2-04_

(SEAL)


STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

On this the 28th day of June, 2001, before me, _TERESA S. HERRON_, the undersigned officer, personally appeared _Margaret Boshamer_, who acknowledged himself/herself to be the Secretary of Klear-Knit, Inc., a South Carolina corporation, and that he/she as such Secretary, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself/herself as Secretary.

In witness whereof I hereunto set my hand.

_Teresa S. Herron_
Notary Public

My Commission Expires:

_5-2-04_

(SEAL)

CHARLOTTE/019925-002/134933 v.1 06/27/01

7

CHARLOTTE/019925-002/134933 v.1 06/27/01