# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| International Safety Access Corporation, ) | Civil Action No. 0:09-00315-MBS |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Integrity Worldwide, Inc. and John Melic, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court pursuant to a motion by Plaintiff International Safety Access Corporation ("Plaintiff") to dismiss or strike Defendants' motion to pierce the corporate veil[1], or in the alternative, motion to stay and enlarge the time to respond to the merits of Defendants' motion to pierce the corporate veil. (ECF Nos. 191, 192.) For the reasons set forth below, the court **DENIES** Plaintiff's motion to dismiss or strike Defendants' motion to pierce the corporate veil and **GRANTS**, in part, Plaintiff's motion to enlarge the time to respond to Defendants' motion to pierce the corporate veil.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff distributes steel fencing and perimeter edge protection for concrete, steel, and timber construction projects. (ECF 88-2, p. 3 ¶ 5.) Defendant John Melic ("Melic") invented and developed an edge protection safety system designed to prevent injuries and deaths from falls at high-rise construction job sites. (Id. at ¶¶ 2, 4.) Melic marketed and sold his edge

---

1. Defendants initially moved to pierce the corporate veil and for a determination that assets of Plaintiff were not subject to a security interest. (ECF No. 190.) Defendants have since withdrawn the second part of their motion regarding assets subject to a security interest. (See ECF No. 194, p. 17.)

2. The court's prior orders of October 27, 2010 and December 28, 2011 contain more thorough recitations of the relevant factual background and are incorporated herein by reference. (See ECF Nos. 126, 186.)

protection system as President of Defendant Integrity Worldwide, Inc. ("IWI"). (Id.)

On January 7, 2009, Plaintiff filed this action for declaratory judgment against Melic and IWI (collectively called "Defendants"), to determine Plaintiff's contractual obligations to IWI under the terms of a distributorship agreement. (ECF No. 1-1.) Plaintiff alleged that it had been fraudulently induced into entering the distributorship agreement by Defendants and the distributorship agreement was unenforceable as a result. (Id.) Defendants filed counterclaims against Plaintiff for breach of contract and breach of fiduciary duty. (ECF No. 46.) A jury trial on the parties' claims was held on June 1-3 and June 6-8, 2011, at the conclusion of which the jury returned a verdict for Defendants on their counterclaims in the amount of $287,000. (ECF No. 168.) On June 10, 2011, the court entered judgment for Defendants in the amount of $287,200. (ECF No. 174.)

On July 6, 2011, Plaintiff filed a motion, contending that the court should enter judgment as a matter of law for Plaintiff, or set aside the verdict and order a new trial, or amend the verdict by way of remittitur. (ECF No. 177.) Defendants filed opposition to Plaintiff's motion on July 25, 2011. (ECF No. 179.) On December 28, 2011, the court entered an order denying Plaintiff's motion for judgment as a matter of law, for new trial, or in the alternative, for a new trial nisi remittitur. (ECF No. 186.) Thereafter, on June 28, 2012, Defendants filed a motion to execute on their judgment, seeking an order to pierce the corporate veil. (ECF No. 194.) Plaintiff did not file opposition to Defendants' motion, choosing instead to file the instant motion to dismiss or strike Defendants' motion to pierce the corporate veil, or in the alternative, motion to stay and enlarge the time to respond to the merits of Defendants' motion to pierce the corporate veil.

(ECF Nos. 191, 192.)

## II.   ANALYSIS

### A.   The Arguments of the Parties:

1.   *Plaintiff's Motion to Dismiss or Strike Defendants' Motion to Pierce the Corporate Veil*

Plaintiff moves to dismiss Defendants' motion to pierce the corporate veil, asserting that as a precondition of Rule 69 of the Federal Rules of Civil Procedure, Defendants were required to obtain a writ of execution before attempting to commence supplemental proceedings. (ECF No. 191, p. 1.)  Plaintiff further asserts that Defendants failed to follow South Carolina procedural law in enforcing the judgment because they did not comply with S.C. Code Ann. § 15-39-310, which provides that proceedings to execute a judgment can only be had after a writ of execution is returned unsatisfied. (Id. at 1-3.)  As such, Plaintiff argues that Defendants cannot pierce the corporate veil by way of a motion in a closed case or through supplemental proceedings. (Id. at 3.)  Plaintiff further argues that other parties in South Carolina attempting to pierce the corporate veil have alleged the cause of action in a separate action and not in a supplemental proceeding. (Id. at 4 (citing Drury Dev. Co. v. Foundation Ins. Co., 668 S.E.2d 798 (S.C. 2008); Sturkie v. Sifly, 313 S.E.2d 316 (S.C. Ct. App. 1984)).)  Based on the foregoing, Plaintiff asks the court to dismiss or strike Defendants' motion to pierce the corporate veil.

Defendants oppose the motion to dismiss, contending that their attempt to pierce the corporate veil is not regulated by S.C. Code Ann. § 15-39-310, because they only seek assistance from the court with the execution process and do not need any discovery regarding Plaintiff's assets. (ECF No. 194, p. 8.)  Defendants further contend that complying with § 15-39-310 is a

futile and unnecessary exercise because Plaintiff made it clear in responses to post-judgment discovery requests that all of its assets were protected from execution. (Id. at 8-9.) In light of Plaintiff's representations regarding its asserts, Defendants contend that they should not be required to prosecute a writ of execution and they allege that their motion to pierce the corporate veil is a way "to begin the process of execution in a meaningful and efficient manner." (Id. at 9.)

Defendants further oppose the motion to dismiss, asserting that piercing the corporate veil in the way they suggest does not require a separate lawsuit as proposed by Plaintiff. (Id. at 12.) In this regard, Defendants assert that South Carolina courts have never determined whether piercing the corporate veil could be accomplished by way of a post-judgment motion or whether a new lawsuit is required. (Id.) Therefore, because the question of what is the appropriate procedure for piercing the corporate veil in South Carolina has not been answered, Defendants assert that the procedure under Fed. R. Civ. P. 69 they are asking the court to utilize has not been foreclosed to them by the courts of South Carolina. (Id. at 14-15.) Accordingly, Defendants ask the court to deny Plaintiff's motion to dismiss or strike Defendants' motion to pierce the corporate veil.

*2. Plaintiff's Motion to Stay and Enlarge the Time to Respond to the Merits of Defendant's Motion to Pierce the Corporate Veil*

If the court denies Plaintiff's motion to dismiss or strike Defendants' motion to pierce the corporate veil, Plaintiff asks for an order enlarging the time to respond to Defendants' motion. (ECF No. 192, p. 1.) Specifically, Plaintiff requests an "extension of no less than ninety (90) days to review financial documentation and retain experts and other witnesses in order to fully respond to the merits of the relief sought by IWW." (Id. at 2.) Defendants oppose Plaintiff's motion to stay and enlarge, asserting that Plaintiff possesses "all the information required to

analyze this issue" and the court "can pierce the corporate veil based upon the present record." (ECF No. 194, p. 17.)

**B.     The Court's Review**

In the motion to dismiss or strike, Plaintiff argues that Defendants' motion to pierce the corporate veil should be dismissed or stricken because they failed to either obtain a writ of execution or file the veil piercing claim in a separate action.  (ECF No. 191, pp. 1-4.)  Upon review, the court is persuaded that Plaintiff's contentions are more properly considered as arguments in opposition to the merits of Defendants' motion to pierce the corporate veil as opposed to support for a motion to dismiss or strike.  Accordingly, the court denies Plaintiff's motion to dismiss or strike and construes its prior filings - ECF Nos. 191, 192, and 196 - as part of Plaintiff's opposition to Defendants' motion to pierce the corporate veil.

Because Plaintiff's motion to dismiss or strike Defendants' motion to pierce the corporate veil is denied, the court must address Plaintiff's request for additional time to respond to Defendants' motion to pierce the corporate veil.  (ECF No. 192, p. 1.)  Specifically, Plaintiff requests an "extension of no less than ninety (90) days to review financial documentation and retain experts and other witnesses in order to fully respond to the merits of the relief sought by IWW."   (Id. at 2.)  Pursuant to Fed. R. Civ. P. 6, the court can extend the time when an act may or must be done for good cause.  Fed. R. Civ. P. 6(b).  Therefore, the court grants' Plaintiff's motion to enlarge the time to respond to Defendants' motion to pierce the corporate veil.  However, the court declines to grant Plaintiff the requested ninety (90) day extension to respond to Defendants' motion and finds that an extension until March 15, 2013, is appropriate.

### III.  CONCLUSION

Upon careful consideration of the foregoing, the court hereby **DENIES** the motion of Plaintiff International Safety Access Corporation to dismiss or strike Defendants' motion to pierce the corporate veil.  (ECF No. 191.)  The court **GRANTS**, in part, Plaintiff's motion to stay and to enlarge the time to respond to the merits of Defendants' motion to pierce the corporate veil.  (ECF No. 192.)  Plaintiff shall submit any and all opposition to Defendants' motion to pierce the corporate veil on or before March 15, 2013.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour  
MARGARET B. SEYMOUR  
SENIOR UNITED STATES DISTRICT JUDGE

February 15, 2013  
Columbia, South Carolina